RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8/4/05
6B

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE–OPELOUSAS DIVISION

| | |
|---|---|
| BLACKHAWK RESOURCES, L.C. | CIVIL ACTION 04-1460 |
| VERSUS | CHIEF JUDGE HAIK |
| CONTINENTAL RESOURCES, INC. OF OKLAHOMA | MAG. JUDGE METHVIN |

*************************************************************************

## RULING

Before the Court is a Motion to Strike on Behalf of Continental Resources, Inc. (Doc. #64). Specifically, Continental seeks to exclude those portions of Robert Pretus' Supplemental Affidavit concerning Blackhawk's alleged damages. Mr. Pretus, President of both Blackhawk Resources, L.C. and Seahawk Oil and Gas Company, made certain calculations in his Supplemental Affidavit arriving at an amount of total loss allegedly suffered by Blackhawk. Continental argues that Mr. Pretus has not been qualified as an expert, so his opinion can not be offered as such, and the testimony offered is outside the grasp of a lay person. Blackhawk opposes the Motion contending the Affidavit should be admitted in its entirety as Mr. Pretus is a sophisticated businessman capable of making the calculations in question.

Rule 701 of the Federal Rules of Evidence states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

A lay opinion "must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the [fact finder]." *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d. 359, 373 (5*th* Cir. 2002), *quoting United States v. Riddle*, 103 F.3d. 423, 428 (5*th* Cir. 1997). "In particular, the witness must have personalized knowledge of the facts underlying the opinion and the opinion must have a rational connection to those facts." *Id.* Based on the foregoing, the Fifth Circuit Court of Appeals concluded that Rule 701 "does not preclude testimony by business owners or officers on matters that relate to their business affairs." *Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d. 394, 403 (5*th* Cir. 2003). The Court went on to state that "an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert." *Id., citing Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d. 1213 (11*th* Cir. 2003). It is well established that officers and employees of corporations may testify as to business affairs, including losses suffered, without being qualified as expert witnesses.

Further, this matter is similar to the *Texas A&M* case in that the losses calculated are not truly an opinion. Should the plaintiff establish the facts alleged, the losses are calculated according to established sale prices, industry pricing, and contractual terms. Those figures are not derived from Mr. Pretus' opinion.

Mr. Pretus' testimony is based on his particularized knowledge as President of both Blackhawk and Seahawk. His experience in the oil and gas industry certainly renders him capable of calculating the alleged losses to his business. Consequently, the defendant's Motion to Strike is **DENIED**.

THUS DONE AND SIGNED on this the 3rd day of August, 2005.

_____
CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA